

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
~~ATTORNEY~~
ATTORNEY GENERAL

Honorable J. J. Brown, Director
Vocational Rehabilitation Division and
Crippled Children's Work
State Board for Vocational Education
Austin, Texas

Dear Mr. Brown:

Opinion No. O-2771
Re: Authority of the Vocational Rehabilitation Division of the State Department of Education to purchase braces directly without a previous contract by the Board of Control.

We have your request of September 20, 1940, as follows:

"We request your opinion as to whether or not it is legal for the Vocational Rehabilitation Division of the State Department of Education to purchase braces directly from the companies manufacturing the appliances rather than under contracts awarded by the State Board of Control to the company presenting the lowest bid under the competitive bidding plan."

It is the opinion of this department that your question should be answered in the affirmative.

The principles announced in our opinion No. O-2612 control the answer to your question. In that opinion we discussed the relative rights of the Board of Control and the State Board of Vocational Education with respect to purchases and more especially with respect to the power of the Board of Control to approve claims for payment, saying:

"If the items of purchase in the present case were such as that the purchase should have been made upon competitive bids, then the Board of Control would have no authority to approve the audit for payment. If, on the other hand, the items were of such nature as that the Board could have purchased them without competitive bids,

then the Board in its discretion would have the authority to approve the claim the effect of which approval would in our opinion be a substantial compliance with the statutes of purchase and would entitle the claim to be passed for a warrant of payment."

We further said,

"In this connection we are of the opinion that if these items of equipment or supplies were of such nature as that competitive bids would be impossible the law would have no application to such a case. It does not require an impossible thing."

From what you say in your letter of request, -- and your statement comports with common understanding, -- a brace for a crippled child is not such a thing as is contemplated by our statutes calling for competitive bids in purchasing supplies for an institution. A brace is not a commodity carried in stocks from which a purchase may be quickly made, like a hat or a pair of shoes, for the simple reason that a brace for a crippled child is a specialty and must be precisely fitted to the particular need and condition of the injured or abnormal limb. It is of a kind with the fitting of glasses or the setting of a broken limb in plaster. The purchase of such brace is not in its nature a commercial purchase from a store or dealer; it is in the nature of a service in connection with the treatment of the broken, deformed or maladjusted limb. It is as much a service as is the surgeon's operation; indeed, it is a species of mechanical operation. Every such case presents an individual situation and must be treated accordingly; so that, in our opinion, the purchase of a brace does not fall within the scope of the statutes requiring competitive bids by the Board of Control.

If we are mistaken in this, we are further of the opinion that the statutes themselves, when liberally or even reasonably construed, compel the same conclusion.

House Bill No. 502, passed at the Regular Session of the 44th Legislature (General Laws, 44th Leg., p. 328) provides:

"At the discretion of the State Department of Education, transportation, appliances, braces and material necessary in the proper handling of crippled children may be in part or entirely provided.

"The Rehabilitation Division of the State Department of Education is directed to provide in Rules and Regulations, the necessary details for the conduct of this work, in accordance with the purposes of this Act, which shall permit as far as possible, the free choice of patients in their selection of physicians and hospitals, and shall arrange with hospitals, brace departments and other services providing for crippled children's work, compensation for such services, provided that such fees or charges shall not exceed the average minimum charges for the same services rendered to average ward patients in the hospitals approved for purpose of this Act -- such Rules and Regulations shall be approved by the State Department of Education."

You are respectfully advised as herein above answered.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ocie Speer
Ocie Speer
Assistant

OS:IW:wc

APPROVED SEP 30, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman